**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 32.]**

THE STATE OF OHIO, APPELLEE, *v*. BELL, APPELLANT.

**[Cite as *State v. Bell*, 1995-Ohio-314.]**

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the appellate judgment as required by App.R. 26(B) and claims are barred by res judicata.*

(No. 95-349—Submitted April 18, 1995—Decided August 9, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 58429.

_____

{¶ 1} According to the court of appeals' opinion, in 1989, appellant, Wade M. Bell, was convicted of felonious assault upon a police officer with aggravated felony specifications. The court of appeals affirmed the judgment of conviction in May 1991. Later, in 1991, appellant filed a *pro se* notice of appeal to this court, which was subsequently denied. Still later that year, he filed a *pro se* motion for reconsideration in the court of appeals, which was also denied.

{¶ 2} In 1992, appellant applied for delayed reconsideration of his direct appeal pursuant to App. R. 26 and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel. This application, which contained references to the trial transcript, was also denied. Appellant then filed a motion for leave to appeal this first application for reconsideration, which we denied.

{¶ 3} On October 28, 1994, appellant filed a second *Murnahan* application, this time under App. R. 26(B), again arguing ineffective assistance of appellate counsel. The court of appeals denied the application to reopen, finding that the

claims were barred by *res judicata*, and that, in any event, the claims lacked merit. The appellant now appeals to this court.

––––––––––––––––––

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson*, Assistant Prosecuting Attorney, for appellee.

*Wade M. Bell*, *pro se*.

––––––––––––––––––

**Per Curiam.**

**{¶ 4}** We affirm the judgment of the court of appeals for the following reasons.

**{¶ 5}** App. R. 26(B) states in part:

"(1)  A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

"(2)  An application for reopening shall contain all of the following:

"* * *

"(b)  A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment * * *."

**{¶ 6}** Because appellant's application was filed nearly three and one-half years after the decision he seeks to reopen, he must show good cause for the untimely filing.  He contends he was previously denied access to a full trial transcript and that this constitutes good cause for his late filing.  However, the bases of his claims—the alleged failure to prove the police-officer specification and the failure of the trial court to give the jury an accident -defense charge—do not require a transcript to be identified. Rather, they should have been evident at all stages of postconviction relief.  Moreover, we note that petitioner had sufficient access to a

transcript to cite it in his first *Murnahan* application. Accordingly, we affirm the decision of the court of appeals as to the failure to show good cause.

{¶ 7} Furthermore, we agree with the court of appeals that the doctrine of *res judicata* precludes the appellant from raising these claims. In *Murnahan*, we stated that in some cases "circumstances [might] render the application of *res judicata* unjust." 63 Ohio St.3d at 66, 584 N.E.2d at 1209. This is not such a case. Before filing the *Murnahan* application on which this appeal is based, appellant filed an appeal of the court of appeals' affirmation of his conviction to this court, a motion for reconsideration in the court of appeals, a *Murnahan* application in the court of appeals, and an appeal to this court from denial of that application. On this record, he now claims it would be unjust to apply the doctrine of *res judicata* to alleged omissions apparent since trial. Enough is enough. There is no injustice in applying the doctrine of *res judicata* on these facts.

{¶ 8} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____