THE STATE OF OHIO, APPELLEE, *v.* HOUSTON, APPELLANT.

[Cite as *State v. Houston* (1995), 73 Ohio St.3d 346.]

(No. 95–600—Submitted June 6, 1995—Decided August 23, 1995.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellee.

*Darrell Houston, pro se.*

*Per Curiam.* We affirm the judgment of the court of appeals for the following reasons.

App.R. 26(B)(2)(b) requires that an application for reopening establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." Appellant's application to reopen was not filed until nearly one year after journalization of the appellate judgment. Appellant claims that he was denied access to his trial transcript, which allegedly prevented him from discovering his appellate counsel's deficiencies in a timely manner. However, the basis of appellant's claim—counsel's failure to call certain defense witnesses to testify—does not require a transcript to be identified. See *State v. Bell* (1995), 73 Ohio St.3d 32, 652 N.E.2d 191. Accordingly, we affirm the decision of the court of appeals as to the failure to show good cause.

*Res judicata* may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, 1209, we held that in some cases "circumstances render the application of *res judicata* unjust." In the case at bar, however, appellant has had prior opportunities to challenge the effectiveness of his appellate counsel. Furthermore, appellant provides no explanation as to why the application of *res judicata* would be unjust.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.