[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 346.]

THE STATE OF OHIO, APPELLEE, *v*. HOUSTON, APPELLANT.

[Cite as *State v. Houston*, 1995-Ohio-317.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show cause for failing to file his application within ninety days after journalization of the appellate judgment as required by App.R. 26(B)(2)(b).*

(No. 95-600—Submitted June 6, 1995—Decided August 23, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 64574.

————————————

{¶ 1} Appellant, Darryl Houston, was convicted of aggravated murder with a firearm specification, aggravated robbery with a firearm specification and having a weapon while under disability and sentenced accordingly. The court of appeals affirmed his convictions and sentence. *State v. Houston* (Jan. 13, 1994), Cuyahoga App. No. 64574, unreported. This court then denied leave to appeal.

{¶ 2} On January 10, 1995, Houston filed with the court of appeals an application to reopen his appeal under App. R. 26(B), alleging ineffective assistance of his appellate counsel. The court of appeals denied the application finding that appellant had failed to establish good cause for not filing the application to reopen within ninety days from the journalization of the appellate judgment as required by App. R. 26(B)2)(b). Additionally, the court of appeals held that Houston failed to demonstrate that circumstances render the application of *res judicata* to his prayer for reopening unjust. Appellant appeals the denial to this court.

————————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

*Darrell Houston, pro se.*

_____

**Per Curiam.**

{¶ 3} We affirm the judgment of the court of appeals for the following reasons.

{¶ 4} App.R. 26(B)(2)(b) requires that an application for reopening establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." Appellant's application to reopen was not filed until nearly one year after journalization of the appellate judgment. Appellant claims that he was denied access to his trial transcript, which allegedly prevented him from discovering his appellate counsel's deficiencies in a timely manner. However, the basis of appellant's claim -- counsel's failure to call certain defense witnesses to testify—does not require a transcript to be identified. See *State v. Bell* (1995), 73 Ohio St.3d 32, 652 N.E.2d 191. Accordingly, we affirm the decision of the court of appeals as to the failure to show good cause.

{¶ 5} *Res judicata* may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, 1209, we held that in some cases "circumstances render the application of *res judicata* unjust." In the case at bar, however, appellant has had prior opportunities to challenge the effectiveness of his appellate counsel. Furthermore, appellant provides no explanation as to why the application of *res judicata* would be unjust.

{¶ 6} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

January Term, 1995

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER AND COOK, JJ., CONCUR.

———————————