JOURNAL ENTRY and OPINION
Appellant, Percy Hutton, has filed an application for reopening pursuant to App.R. 26 (B). Apparently, the applicant is attempting to reopen the appellate judgments that were rendered by this court in State v. Hutton (April 28, 1988), Cuyahoga App. No. 51704, unreported, and State v. Hutton (Jan. 17, 1991), Cuyahoga App. No. 51704, unreported. The original judgment of this court, as announced on January 17, 1991, reversed the appellant's conviction and sentence of death and further remanded the case for retrial. The Supreme Court of Ohio, however, reversed the judgment of this court and ordered an independent review of the sentence of death upon remand. See State v. Hutton
(1990), 53 Ohio St.3d 36. On remand, this court weighed the aggravating circumstances as well as the mitigating factors, and determined, as mandated by R.C. 2929.05 (A), that the aggravating circumstances outweighed the mitigating factors. This court on remand, also found that the sentence of death was appropriate.See, State v. Hutton (Jan 17, 1991), Cuyahoga App. No. 51704, unreported.
An application for reopening, as filed pursuant to App.R. 26 (B)(1), must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. If the application is not timely filed, App.R. 16 (B)(2)(b) requires that the applicant establish good cause as to why the application was filed more than ninety days after journalization of the appellate judgment. State v. Cooey (1995), 73 Ohio St.3d 411;State v. Reddick (1995), 72 Ohio St.3d 88.
Herein, the applicant is attempting to reopen the appellate judgments that were journalized on May 9, 1988 (judgment of trial court reversed and remanded) and February 1, 1991 (supplemental journal entry and death sentence affirmed). The present application, however, was not filed until April 21, 1997, more than six years after journalization of the appellate judgment which affirmed the sentence of death. The applicant provides no viable explanation for the delay of six years in filing his application for reopening and further fails to establish good cause for the untimely filing of his application for reopening. Thus, the application must be denied. State v. Oden (1996),74 Ohio St.3d 234; State v. Hairston (1995), 73 Ohio St.3d 346;State v. Tucker (1995), 73 Ohio St.3d 152.
Further review of the prior record on appeal and the application for reopening demonstrates that the doctrine of resjudicata prevents this court from reopening the applicant's direct appeal. Res judicata will be applied to bar the further litigation of errors of law that have been raised or could have been raised upon appeal. See, generally, State v. Perry (1967),10 Ohio St.2d 175. In addition, the Supreme Court of Ohio has established that a claim of ineffective assistance of appellate counsel will be barred from review by the doctrine of resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60.
Herein, the applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon direct appeal to the Supreme Court of Ohio from the judgment of this court which affirmed the applicant's sentence of death. The applicant, however, did not take an appeal to the Supreme Court of Ohio, following the appellate judgment as journalized on February 1, 1991, and has further failed to provide this court with any reason as to why such an appeal was not filed with the Supreme Court of Ohio. Thus, we decline to reopen the applicant's original appeal. State v. Hicks (October 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (April 19, 1994), Motion No. 50328, affirmed (August 3, 1994), 70 Ohio St.3d 1408.
Finally, a review of the applicant's application for reopening fails to demonstrate that there exists "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." See App.R. 26 (B)(5). Each of the applicant's four proposed assignments of error are "factually, legally, and logically weak" and do not create a genuine issue of ineffective assistance of appellate counsel. State v. Allen (1996), 77 Ohio St.3d 172.
Accordingly, we deny the applicant's application for reopening.
DIANE KARPINSKI, J. and MICHAEL J. CORRIGAN, J. CONCUR.
______________________ LEO M. SPELLACY PRESIDING JUDGE