[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 581.]

THE STATE OF OHIO, APPELLEE, *v*. CARTER, APPELLANT.

[Cite as *State v. Carter*, 2001-Ohio-1614.]

*Appellate procedure—Second application filed for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel after first application denied—Court of appeals' denial of application affirmed—Successive petition barred by doctrine of res judicata.*

(No. 01-977—Submitted September 18, 2001—Decided November 14, 2001.)

APPEAL from the Court of Appeals for Hamilton County, No. C-920604.

_____

*Per Curiam.*

{¶ 1} Appellant, Cedric Carter, was convicted of the aggravated murder of Frances Messinger, and sentenced to death. The court of appeals affirmed his convictions and sentence. *State v. Carter* (Nov. 3, 1993), Hamilton App. No. C-920604, unreported, 1993 WL 512859. We also affirmed Carter's convictions and death sentence. *State v. Carter* (1995), 72 Ohio St.3d 545, 651 N.E.2d 965, certiorari denied (1995), 516 U.S. 1014, 116 S.Ct. 575, 133 L.Ed.2d 498.

{¶ 2} Subsequently, the court of appeals affirmed the trial court's decision to deny Carter's petition for postconviction relief. *State v. Carter* (Nov. 14, 1997), Hamilton App. No. C-960718, unreported, 1997 WL 705487. We refused to accept Carter's appeal of that decision. *State v. Carter* (1998), 81 Ohio St.3d 1467, 690 N.E.2d 1287.

{¶ 3} On June 9, 1999, Carter filed an application with the court of appeals to reopen his initial appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his appellate counsel before the court of appeals in his first appeal. However, the court of appeals

denied Carter's application because he had failed to show good cause for the delay in applying to reopen his appeal. *State v. Carter* (Oct. 21, 1999), Hamilton App. No. C-920604, unreported. Carter did not appeal that decision; hence, that decision became final.

{¶ 4} On July 19, 2000, Carter requested that the court of appeals appoint counsel for him to prepare and file an application to reopen his direct appeal pursuant to App.R. 26(B). The court of appeals denied Carter's motion. *State v. Carter* (Aug. 10, 2000), Hamilton App. No. C-920604, unreported.

{¶ 5} On September 28, 2000, Carter's present counsel filed a second application to reopen his initial appeal pursuant to App.R. 26(B) and *State v. Murnahan*. The court of appeals denied Carter's motion to reopen his direct appeal on the basis that App.R. 26(B) "makes no provision for filing successive applications to reopen." *State v. Carter* (Apr. 9, 2001), Hamilton App. No. C-920604, unreported. The cause is now before this court upon an appeal as of right.

{¶ 6} Carter raises five issues in this appeal. In his second proposition, Carter argues that his appellate counsel's failure to file an appeal to this court, following the court of appeals' dismissal of his first application to reopen his direct appeal pursuant to App.R. 26(B), constitutes ineffective assistance of counsel. However, Carter had no constitutional right to counsel to pursue an appeal to this court following the court of appeals' denial of his application under App.R. 26(B). *State v. Buell* (1994), 70 Ohio St.3d 1211, 639 N.E.2d 110. Therefore, Carter could not be unconstitutionally deprived of the effective assistance of counsel by his counsel's failure to file such an appeal. *Wainwright v. Torna* (1982), 455 U.S. 586, 587-588, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475, 477-478.

{¶ 7} For the same reason, Carter cannot complain about the court of appeals' refusal to appoint new counsel to pursue that appeal as he argues in his first proposition. " '[T]he right to appointed counsel extends to the *first* appeal as of right, *and no further*.' (Emphasis added.)" *State v. Buell*, 70 Ohio St.3d 1211,

639 N.E.2d 110, quoting *Pennsylvania v. Finley* (1987), 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545.

{¶ 8} In his third proposition, Carter argues that he established "good cause" for his failure to file a timely application pursuant to App.R. 26(B). However, the court of appeals dismissed Carter's first application to reopen his direct appeal, finding no good cause. No appeal was made of that decision. Thus, Carter's second application to reopen his direct appeal pursuant to App.R. 26(B) is foreclosed by the doctrine of *res judicata*. See *State v. Bell* (1995), 73 Ohio St.3d 32, 34, 652 N.E.2d 191, 192.

{¶ 9} Carter's fourth and fifth propositions relate to the merits of issues that he claims his former appellate lawyers should have raised.[1] Carter claims that his appellate counsel were constitutionally ineffective because they failed to raise twenty-six specific assignments of error on his direct appeal before the court of appeals.[2] Since we have found his successive petition to be barred by the doctrine of *res judicata*, we need not consider those issues.

{¶ 10} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for appellee.

*Keith A. Yeazel,* for appellant.

———————————

1. Carter's fifteenth assignment of error reiterates his fifth proposition.

2. Carter's first assignment of error appears to reiterate his second proposition.