Cook, J.,
concurring in judgment only. Today’s majority reaches the merits of Moore’s App.R. 26(B) allegations and concludes both (1) that Moore has failed to demonstrate “good cause” for failing to file his application for reopening within the ninety-day period contemplated by App.R. 26(B)(1), and (2) that Moore’s ineffectiveness claims are wanting.[1] Despite the fact that the majority reaches the correct disposition in this case, I cannot join the majority’s erroneous reasoning.
First, the majority’s discussion of Moore’s failure to demonstrate “good cause” under App.R. 26(B)(1) hinges on faulty analysis. The majority’s determination that Moore has failed to present a genuine issue does not logically lead to the conclusion that he lacks good cause for filing beyond the App.R. 26(B)(1) ninety-day period.
App.R. 26(B)(1) provides that a defendant must demonstrate good cause for filing an application for reopening beyond the ninety-day time period. The majority notes this requirement but then goes on to state that its analysis of the merits of Moore’s ineffective assistance claims leads to the conclusion that Moore has failed to demonstrate the requisite good cause. Whether a court should *652 grant an App.R. 26(B) application for reopening, however, turns on whether “there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.” App.R. 26(B)(5). The “genuine issue” standard applies to all App.R. 26(B) applications, both timely filed and untimely filed. Thus, an applicant can have good cause for not filing his or her application within the ninety-day period, but a court may still deny that application on the basis that there is no genuine issue as to whether there has been ineffective assistance. Conversely, another applicant may file an application that does present a genuine issue as to counsel’s effectiveness, but that applicant may lack good cause for filing beyond the ninety-day period. In either case, the attempt at reopening would fail, but for wholly distinct reasons. By treating separate analytical inquiries as the same, the majority has improperly substituted the test for evaluating the merits of an application for reopening in place of the test for whether a party has properly filed an App.R. 26(B) application beyond the ninety-day period.
Michael K. Allen, Hamilton County Prosecuting Attorney, and William E. Breyer, Assistant Prosecuting Attorney, for appellee.
Second, the majority’s evaluation of the merits of Moore’s ineffectiveness claims is unnecessary. This court should not even reach the merits of Moore’s allegations. As the court of appeals correctly reasoned, consideration of Moore’s arguments is precluded by the doctrine of res judicata. This doctrine operates to bar further litigation of issues that a party previously raised or could have previously raised in an appeal. State v. Houston (1995), 73 Ohio St.3d 346, 347, 652 N.E.2d 1018, 1019. We previously considered Moore’s appeal as of right in his direct appeal from the 1996 judgment of the First District Court of Appeals. See State v. Moore (1998), 81 Ohio St.3d 22, 689 N.E.2d 1. The appellate counsel representing Moore before this court at that time differed from the appellate counsel who represented Moore before the court of appeals. See id. at 24, 689 N.E.2d at 7; State v. Moore (June 26, 1996), Hamilton App. No. C-950009, unreported, 1996 WL 348193. Because Moore raises claims of ineffective assistance in his App.R. 26(B) application for reopening that he either brought or could have brought in his prior appeal to this court, res judicata dictates that he may not assert those claims now. And because Moore’s claims of ineffective assistance necessarily fail, the question of whether he has demonstrated good cause for filing his App.R. 26(B) application for reopening is moot.
For the foregoing reasons, I concur in judgment only.
Lundberg Stratton, J., concurs in the foregoing opinion.
*653 Lori Leon, for appellant.

. In resolving the case in such a manner, this court once again bypasses White v. Schotten (C.A.6, 2000), 201 F.3d 743 (holding in federal habeas corpus case that App.R. 26[B] is part of the direct appeal process). Because the court of appeals addressed that case below and because Moore has raised the case on appeal to this court, the majority should have taken advantage of this opportunity to clarify our understanding of the premise set forth in White.