OPINION
{¶ 1} The appellant, Randy S. Valance, appeals the December 11, 2002 judgment of the Common Pleas Court of Marion County, Ohio, overruling his motion to withdraw his guilty plea.
 {¶ 2} Valance was indicted by the grand jury of Marion County, Ohio, on October 13, 1994, for five counts of child endangering in violation of R.C. 2919.22(B)(2), each a third degree felony and each with a physical harm specification. Subsequently, on December 15, 1994, Valance was re-indicted by the grand jury. This indictment contained the previous five counts and specifications but also included a sixth count for intimidating a crime victim or witness in violation of R.C. 2921.04(B), a third degree felony as well. The basis for these charges was that Valance physically abused his then-girlfriend's four-year-old son and attempted to frighten this same woman after he was initially indicted so that she would not pursue the pending charges against him.
 {¶ 3} On December 27, 1994, Valance pled guilty to all six counts, including the specifications, in exchange for the State's recommendation that he receive four to ten years indefinite for the first five counts, including the specifications, and two years definite for the sixth count, all to be served concurrently. In addition, the State agreed not to later oppose a motion by Valance for shock probation. However, during the plea hearing, the State informed both the court and Valance that the victim's family might make statements to the court during any hearing for shock probation in opposition to granting such a motion but that the State would not oppose this motion. Thereafter, the trial court accepted the plea and sentenced Valance pursuant to the State's recommendation. Valance did not directly appeal this judgment of conviction.
 {¶ 4} Valance filed a motion for shock probation on February 23, 1995. The court held a hearing on this motion on March 28, 1995, and denied this motion. On September 25, 1995, Valance filed a petition for post-conviction relief pursuant to R.C. 2953.21. He then filed a motion for summary judgment as to this petition on November 1, 1995, as well as a motion for re-sentencing on November 13, 1995. These motions were all denied by the trial court on December 1, 1995. Over three years later, Valance filed a notice of appeal with this Court on May 5, 1999. However, this Court dismissed this appeal for want of jurisdiction as no final order was specified in the appeal and none had been issued in over three years. Thus, the appeal was held to be untimely.
 {¶ 5} Valance returned to the trial court a year later on June 26, 2000, by filing a motion to amend his indictment or in the alternative, to amend the journal entry and hold a rehearing on his 1994 plea. The trial court denied this motion based on the doctrine of res judicata on August 2, 2000. Valance appealed this decision to this Court on August 30, 2000, which we once again dismissed as this decision did not constitute a final appealable order. Two years later, Valance filed a motion to withdraw his guilty plea entered in 1994, on October 17, 2002, pursuant to Crim.R. 32.1. The trial court denied this motion on December 11, 2002, based on the doctrine of res judicata. This appeal followed, and Valance now asserts five assignments of error.
 Appellant was denied the effective assistance of counsel when he failed to advise his client of the essential element of child endangering being recklessness by making sure that the Appellant's plea was made knowingly, intelligently and voluntarily and failing to investigate exculpatory evidence, and let his client plead guilty to an indictment that does not state an offense, all in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.
 The trial court violated Appellant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution and erred under Criminal Rule 1(C)(2)(a) by accepting Appellant's guilty plea without first determining that the Appellant understood the nature of the charge to which he was pleading and plea was made by the Appellant being induced and coerced into pleading guilty by receiving shock probation, guilty pleas were not made voluntarily, intelligently or knowingly.
 Appellant's indictment is insufficient to charge an offense and is void by omitting the essential element of the crime of child endangering, being recklessness, thereby, depriving the trial court of its subject-matter jurisdiction to hear the case and to accept the Appellant's guilty plea, in violation of the Fifth, Sixth, and the due process clause of the Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.
 Appellant's conviction for child endangering was against the manifest weight of the evidence and by insufficient evidence in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.
 The trial court erred and abused its discretion when it failed to grant the Appellant's motion to withdraw his guilty plea.
 {¶ 6} Each of these assignments of error relates to the trial court's decision to overrule Valance's motion to withdraw his guilty plea. Thus, these assignments of error will be addressed together. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 264; Crim.R. 32.1. However,
 [u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. In addition, res judicata operates to bar further litigation of issues that a party previously raised and were ruled upon. State v.Houston (1995), 73 Ohio St.3d 346, 347.
 {¶ 7} Valance's first, second, third, and fourth assignments of error each involve issues that could have been raised by him either at the trial level or on a direct appeal from that judgment of conviction entered in 1994. Additionally, as the trial court noted, Valance's arguments were raised and ruled upon in his numerous filings throughout the past eight years, including his assertion that his plea was not made knowingly, intelligently, and voluntarily. Specifically, the trial court had previously found that Valance was aware of the nature of the offense, responded in the affirmative when questioned about his satisfaction with his counsel, and represented to the court during the plea hearing that he was not threatened or promised anything outside of the recited negotiations in exchange for his plea of guilty. Thus, the trial court did not err in overruling Valance's current motion to withdraw his plea.
 {¶ 8} For these reasons, all five assignments of error are overruled, and the judgment of the Common Pleas Court of Marion County, Ohio, is affirmed.
Judgment affirmed.
 WALTERS and CUPP, JJ., concur.