OPINION
{¶ 1} Plaintiff-Appellant, Richard R. Brown, appeals a judgment of the Wyandot County Common Pleas Court dismissing his motions on the basis of res judicata. Brown's motions addressed issues which were, or should have been, raised in prior final judicial proceedings. Accordingly, we find that Brown's motions are barred by the doctrine of res judicata, and we affirm the decision of the trial court.
 {¶ 2} In March of 1994, Brown suffered a heart attack and was diagnosed with Meniere's disease. At the time of the heart attack, he was a marketing teacher in the Upper Sandusky School System. Brown sought workers' compensation benefits for both the heart attack and the Meniere's disease. The Defendants-Appellees, Ohio Bureau of Workers' Compensation, Industrial Commission of Ohio, and Upper Sandusky Exempted Village School District ("Appellees"), denied Brown's workers' compensation claims. In a subsequent trial, the trial court upheld Appellees' denial of Brown's claims. This court, in Brown v. Ohio Bur. ofWorkers' Comp.,[1] affirmed the trial court's decision, and Brown's ensuing appeal to the Supreme Court was ultimately denied.[2] In January of 2003, Brown filed a motion for relief from judgment under Civ.R. 60(B). This motion was also denied and no appeal was taken by Brown.
 {¶ 3} Thereafter, in April of 2003, Brown filed two completely new motions. He filed a motion for judgment on the pleadings and a "Notice of Motion to void Judge Franklin's Verdict and Judgment Entry Under the Provisions of the Code of Judicial Conduct." The trial court dismissed both motions on the grounds that they were barred by the doctrine of res judicata. Brown now appeals this judgment presenting no formal assignments of error for our review.
 {¶ 4} As a preliminary matter, it should be noted that Brown's failure to formulate any specific assignments of error violates the provisions of App.R. 16(A)(3). Furthermore, pursuant to App.R. 12(A), we are not required to address issues not specifically assigned as error and briefed.[3] However, in the interests of justice, we elect to review Brown's arguments regarding the dismissal of his motions.
 {¶ 5} The doctrine of res judicata establishes that, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[4] The final judgment is conclusive as to all issues which either were or could have been raised in the previous lawsuit.[5] Both of Brown's motions are based upon arguments which either were raised or should have been raised in the trial court prior to judgment.
 {¶ 6} His first argument focuses on evidence tending to show that he should not have been denied workers' compensation coverage. Brown relies on the same evidence and authority that he presented at his trial and in his subsequent appeals. Essentially, Brown is trying to re-litigate these issues after they have already been decided at both the trial court and appellate levels. Clearly, this violates the principle of res judicata.
 {¶ 7} His second argument is that the trial court's judgment entry is void because the judicial code of conduct required the trial judge to recuse himself. Brown's concerns regarding the neutrality of the trial judge should have been properly addressed in his trial court proceedings. "[R]es judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."[6] Thus, not having raised this issue in his previous lawsuit, res judicata prevents Brown from doing so now.
¶ 8 Moreover, even absent the doctrine of res judicata, both of Brown's motions could have been otherwise properly dismissed. The motion on the pleadings could have properly been dismissed as untimely. A motion on the pleadings should be brought, "[a]fter the pleadings are closed, but within such time as not to delay the trial."[7] It is a pretrial motion and will be considered untimely if filed after the commencement of the trial.[8]
 {¶ 9} Further, Brown's motion to void Judge Franklin's verdict is contrary to established law. "Although a judge would be without power to hear and determine a cause after disqualification, his judgment, however erroneous, before disqualification is not void."[9] Furthermore, the disqualification of a judge in any proceeding is a matter that may only be addressed by filing an affidavit with the Clerk of the Ohio Supreme Court.[10] Therefore, this court has no jurisdiction to consider such matters.
 {¶ 10} Both of Brown's motions were properly dismissed under the doctrine of res judicata because they addressed issues which were or should have been raised in previous proceedings. Furthermore, his motion on the pleadings was wrongfully filed as a post trial motion and his motion to void the trial court's judgment is both contrary to the law and based upon complaints that this court has no jurisdiction to consider. Accordingly, we affirm the decision of the trial court.
 {¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and CUPP, J., concur.
[1] 3rd Dist. No. 16-02-03, 2002-Ohio-6274.
[2] Brown v. Ohio Bur. of Workers' Comp., 98 Ohio St.3d 1492,2003-Ohio-1189.
[3] Chem. Bank of New York v. Neman (1990), 52 Ohio St.3d 204, 207;Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus SteakHouse No. III, Inc. (1986), 24 Ohio St.3d 198, 202-203.
[4] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[5] Id at 382, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67,69; State v. Houston (1995), 73 Ohio St.3d 346, 347; see, also, State v.Perry (1967), 10 Ohio St.2d 175, 180-181.
[6] Grava, 73 Ohio St.3d at 382, quoting, Rogers25 Ohio St.3d at 69.
[7] Civ.R. 12(C) (emphasis added).
[8] Natl. City Bank v. Fleming (1981), 2 Ohio App.3d 50, 55.
[9] Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-42 (emphasis added), see, also, Holloway v. Holloway Sportswear, Inc. (June 7, 2001), 3rd Dist. Nos. 17-98-20, 17-2000-18, unreported.
[10] R.C. 2701.03.