OPINION
{¶ 1} Appellant, Michael E. Koch, appeals from the sentencing judgment of the Lake County Common Pleas Court. We affirm.
 {¶ 2} On November 22, 1996, appellant was indicted on two counts of rape, R.C. 2907.02, first degree felonies; two counts of sexual battery, R.C. 2907.03, third degree felonies; and eight counts of gross sexual imposition ("GSI"), R.C. 2907.05, fourth degree felonies. On March 27, 1997, appellant pleaded guilty to two counts of sexual battery, and five counts of GSI; a nolle prosequi was entered on the remaining counts.
 {¶ 3} Following a hearing, the trial court labeled appellant a sexual predator and sentenced him to a definite term of two years on each count of sexual battery; eighteen months on two of the GSI counts; and one year on each of the remaining GSI counts; with each sentence to be served consecutively for an aggregate sentence of ten years.
 {¶ 4} Appellant appealed his sexual predator classification and sentence. State v. Koch, 11th Dist. No. 97-L-142, 2001-Ohio-8830 ("Koch I"). We affirmed appellant's sexual predator classification but reversed appellant's sentence and remanded the matter for resentencing.
 {¶ 5} On August 13, 2002, the trial court held a resentencing hearing. Following the hearing the trial court again sentenced appellant to definite terms of two years on each count of sexual battery; eighteen months on two of the GSI counts; and one year on each of the remaining GSI counts; with each sentence to be served consecutively for an aggregate sentence of ten years. Appellant appeals raising three assignments of error:
 {¶ 6} "[1.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment.
 {¶ 7} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 8} "[3.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 9} We first note that appellant pleaded guilty to offenses he committed prior to the enactment of S.B. 2; however, in KochI we erroneously applied post-S.B. 2 law in reversing appellant's sentences. We now analyze appellant's first and second assignments of error under the law applicable to his offenses, i.e., pre-S.B. 2 sentencing law.
 {¶ 10} In his first and second assignments of error, appellant challenges the sentences imposed by the trial court. We review a trial court's sentence only to determine if it was statutorily incorrect, or if the trial court abused its discretion. See, generally, State v. Garfield (1986),34 Ohio App.3d 300, 304.
 {¶ 11} In his first assignment of error, appellant argues the trial court erred in imposing maximum sentences.[1] We disagree.
 {¶ 12} Former R.C. 2929.13 provided:
 {¶ 13} "(A) The following do not control the court's sentencing decision, but shall be considered in favor of imposing a shorter term of imprisonment when determining the term of imprisonment for a felony of the third or fourth degree for which a definite term of imprisonment is imposed:
 {¶ 14} "(1) The offense was the result of circumstances unlikely to recur;
 {¶ 15} "(2) The victim of the offense induced or facilitated it;
 {¶ 16} "(3) There are substantial grounds tending to excuse or justify the offense, though not sufficient to establish a defense;
 {¶ 17} "(4) The offender acted under strong provocation;
 {¶ 18} "(5) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;
 {¶ 19} "(6) The offender is likely to respond quickly to correctional or rehabilitative treatment.
 {¶ 20} "(B) The following do not control the court's sentencing decision, but shall be considered in favor of imposing a longer term of imprisonment when determining the term of imprisonment for a felony of the third or fourth degree for which a definite term of imprisonment is imposed:
 {¶ 21} "(1) The defendant, by the duties of his office or by his position, was obliged to prevent the particular offense committed or to bring the offenders committing it to justice;
 {¶ 22} "(2) The defendant held public office at the time of the offense, and the offense related to the conduct of that office;
 {¶ 23} "(3) The defendant utilized his professional reputation or position in the community to commit the offense, or to afford him an easier means of committing it, in circumstances where his example probably would influence the conduct of others.
 {¶ 24} "(C) The criteria listed in divisions (A) and (B) of this section do not limit the matters that may be considered in determining the term of imprisonment to be imposed for a felony of the third or fourth degree for which a definite term of imprisonment is imposed."
 {¶ 25} In the instant case, the trial court applied post-S.B. 2 law in resentencing appellant. Post S.B. 2 law provided more stringent, specific criteria for the imposition of maximum sentences than does pre-S.B. 2 law. A review of the record demonstrates the trial court properly applied the more stringent criteria of post-S.B. 2 law in sentencing appellant. Although inadvertent, the trial court could properly have considered the post-S.B. 2 factors under former R.C. 2929.13(C). Thus, although not entitled to such consideration, appellant received the benefit of the application of the specific criteria of post-S.B. 2 law; therefore, we cannot say the trial court abused its discretion in imposing maximum sentences. Appellant's first assignment of error is without merit.
 {¶ 26} In his second assignment of error, appellant argues the trial court erred in imposing consecutive sentences because the record did not support the trial court's finding that consecutive sentences were necessary to protect the public. We disagree.
 {¶ 27} Former R.C. 2929.41(B) provided in relevant part:
 {¶ 28} "A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 {¶ 29} "(1) When the trial court specifies that it is to be served consecutively[.]"
 {¶ 30} This statute granted the trial court broad discretion to impose consecutive sentences and required no overt justification for the exercise of such discretion. See, generally, State v. Sibert (1994), 98 Ohio App.3d 412, 432. Nothing in the record of the instant case demonstrates the trial court abused its discretion in imposing consecutive sentences. Appellant's second assignment of error is without merit.[2]
 {¶ 31} In his third assignment of error, appellant argues the trial court's judgment labeling him a sexual predator was against the manifest weight of the evidence. As we discussed, appellant challenged his sexual predator classification in his first appeal. We affirmed the trial court's judgment in this respect. Therefore, res judicata applies and appellant may not again challenge his sexual predator classification in this appeal.State v. Hutton (1995), 73 Ohio St.3d 346, 347. Appellant's third assignment of error is without merit.
 {¶ 32} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., O'Neill, J., concur.
[1] Appellant received the maximum sentence of two years for each count of sexual battery. Former R.C. 2929.11(D)(1); he received the maximum sentence of eighteen months on two of the five counts of gross sexual imposition. Former R.C.2929.11(D)(2).
[2] We again note appellant received the benefit of the trial court's erroneous application of post-S.B. 2 law in sentencing appellant to consecutive terms.