[Cite as *State v. Ingledue*, 2014-Ohio-4003.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 CO 51 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| ROBERT W. INGLEDUE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 87CR80.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Robert Herron
                                   Prosecuting Attorney
                                   105 South Market Street
                                   Lisbon, Ohio  44432


For Defendant-Appellant:           Attorney Coleen Hall-Dailey
                                   323 East Main Street
                                   Alliance, Ohio  44601


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                   Dated:  September 8, 2014

[Cite as *State v. Ingledue*, 2014-Ohio-4003.]
VUKOVICH, J.

{¶1} Defendant-appellant Robert Ingledue appeals the order of the Columbiana County Common Pleas Court denying his motion for reclassification. Appellate counsel for Ingledue filed a no-merit brief and asked to withdraw. Ingledue then filed his own brief raising two arguments. He contended that appellate counsel was ineffective for filing a no-merit brief and that he cannot be classified as a sexual offender under either the Adam Walsh Act or Megan's Law because the crimes giving rise to the classification occurred before the enactment of those two classification schemes.

{¶2} For the reasons discussed below, the arguments lack merit. Appellate counsel's motion to withdraw is granted and the trial court's order denying reclassification is affirmed.

## Statement of the Case

{¶3} In the late 1980s, Ingledue was convicted of six counts of gross sexual imposition in violation of R.C. 2907.05(A)(3) and one count of rape, in violation of R.C. 2907.02(A)(1), for which he received an indefinite sentence of nine to twenty-five years. Although those convictions were appealed to this court, Ingledue voluntarily dismissed the appeal prior to our court's review of the matter. 07/06/89 J.E. Appeal Number 88-C-30.

{¶4} In 1996, Megan's Law was enacted. This act provided for judicial classification of a sex offender as a "sexually oriented" offender, a "habitual sex offender" or a "sexual predator." Former R.C. 2950.01. A registration requirement and the frequency and duration of reporting were set for each category.

{¶5} Due to the enactment of that law, in October 1997, while Ingledue was serving his prison sentence, the trial court held an offender classification hearing. Following presentation of the evidence, the trial court found Ingledue to be a sexual predator and further held that he was subject to the notification requirements in former R.C. 2950.03. 10/10/97 J.E. Columbiana County Common Pleas Case Number 87-CR-80. That decision was appealed to our court. *State v. Ingledue*, 7th Dist. No. 97CO55, 1999 WL 1279174 (Dec. 22, 1999) (1997 appeal).

**{¶6}** In that appeal, Ingledue argued that Megan's Law was unconstitutionally retroactive and that there was insufficient evidence to support the trial court's decision to label him a sexual predator. *Id.* Based on the Ohio Supreme Court's decision in *Cook* and other decisions by our court, we held that Megan's Law was not unconstitutionally retroactive. *Id.* citing *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998). We also found that there was clear and convincing evidence that supported the trial court's finding that Ingledue was likely to commit a future sexually oriented offense and thus, the trial court did not err in labeling him a sexual predator. *Id.*

**{¶7}** Ingledue did not appeal that decision to the Ohio Supreme Court.

**{¶8}** In February 2012, Ingledue filed a *pro se* "Motion to Vacate Sentence of the Sex Offender Megan's Law Registration." 02/03/12 Motion. In that motion, he argued that he was convicted and sentenced for crimes underlying his classification prior to the enactment of Megan's Law. He appeared to be asserting that Megan's Law cannot be applied retroactively. He also argued that he received no notice of the sexual predator classification and had no possibility to oppose that classification.

**{¶9}** In March 2012, the trial court denied the motion. It explained that the record did not support his allegations that he did not receive notice or the possibility to oppose the classification. The court went on to explain that a hearing was held and that Ingledue was informed of his right to appeal that classification determination. 03/06/12 J.E.

**{¶10}** Ingledue did not file an appeal from that decision. Rather, in October 2013, he filed another *pro se* motion with the Columbiana County Common Pleas Court seeking to vacate his sex offender status. This motion focused on the constitutionality of Megan's Law and on the constitutionality of the new sex offender classification act, the Adam Walsh Act. Ingledue once again asserted that Megan's Law cannot be applied retroactively to him because it was not in effect at the time he was sentenced. He also asserted that the state attempted to reclassify him under the Adam Walsh Act and argued that it is unconstitutional to apply that classification scheme to him because it violates the "ex post facto clauses and the separation of powers act."

{¶11} The state filed a motion in opposition to the October 2013 motion. 11/01/13 Motion.

{¶12} After considering the motions, the trial court denied the October 21, 2013 motion. 11/18/13 J.E. The trial court stated that any challenge to Ingledue's initial sexual predator classification or reporting requirements are overruled because that issue was appealed and found to be meritless. As to any attempt to apply a new registration requirement based on the Adam Walsh Act, the trial court stated that there is nothing in the record to demonstrate that Ingledue has been subjected to the Adam Walsh Act's new classification system or reporting requirements. However, it did note, based on the *Moore* decision from our court, that it is unconstitutional to apply the Adam Walsh Act retroactively. 11/18/13 J.E. citing *State v. Moore*, 2013-Ohio-1431, 990 N.E.2d 165, ¶ 29 (7th Dist.).

{¶13} Ingledue timely appeals from that decision. Columbiana County Common Pleas Court appointed counsel for Ingledue. Counsel has filed a no-merit brief.

### Analysis

{¶14} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no-merit brief or an *Anders* brief. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶15} In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and

the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶16}** The no-merit brief was filed by counsel on February 3, 2014. Thereafter, this court informed Ingledue of appointed counsel's no-merit brief and granted him 30 days to file his own written brief. 02/18/14 J.E. Ingledue has filed a timely brief arguing that appellate counsel was ineffective for filing a no-merit brief and that he cannot be subject to Megan's Law or the Adam Walsh Act because it violated the separation of power and the prohibition against retroactive laws.

**{¶17}** In a *Toney* review, we are required to independently review the record. The order appealed in this case is the denial of a motion to vacate Ingledue's sexual offender classification and reporting requirements. Therefore, our focus is primarily on whether that decision was correct. Our review of that matter encompasses the arguments Ingledue raises in his *pro se* appellate brief.

Megan's Law

**{¶18}** As aforementioned, Ingledue argued to the trial court that Megan's Law does not apply to him because he committed his crimes prior to the law's enactment and that the law is unconstitutional. The trial court found no merit with this argument.

**{¶19}** Although Ohio has had some form of sex offender registry since 1963, the system remained unchanged and little used for decades. *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 3. The first major change

occurred in 1996 when the General Assembly enacted Ohio's version of "Megan's Law." *Id.* at ¶ 6; Am.Sub.H.B. No. 180 (Effective October 16, 1996.)

**{¶20}** From the outset, Ohio's version of Megan's Law and its later amendments were attacked constitutionally because of its retroactive application. The argument most often made was that it violated the prohibition against ex post facto laws. The Ohio Supreme Court addressed this argument in *Cook* and held that "the registration and notification provisions of R.C. Chapter 2950 do not violate the *Ex Post Facto* Clause because its provisions serve the remedial purpose of protecting the public." *Cook*, 83 Ohio St.3d at 423. After the law was amended in 2003, the Ohio Supreme Court once again addressed the ex post facto argument and once again found that the 2003 version of Megan's Law was not unconstitutionally retroactive. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 41-43 (R.C. Chapter 2950 is a civil, remedial statute and therefore it cannot be deemed unconstitutional on ex post facto grounds because ex post facto laws concern criminal matters solely and has no application to civil law).

**{¶21}** Thus, the Ohio Supreme Court has determined that Megan's Law can constitutionally be applied retroactively. Offenders who committed a sex offense prior to the enactment date of Megan's Law in 1996 could still be subject to Megan's Law if the offender was released from the prison term arising from the sexual offense after the July 1, 1997 effective date of the act. *Ferguson*; *Cook*. In fact, although the Ohio Supreme Court has stated that the new sex offender act, the Adam Walsh Act (which will be discussed below) cannot be applied retroactively, it has declined to reverse its prior decisions that Megan's Law is remedial and thus can be applied retroactively. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Consequently, Ingledue's sexual predator classification does not violate the ex post facto clause.

**{¶22}** In addition to the fact that Ingledue's ex post facto/retroactivity argument regarding Megan's Law fails based on the Ohio Supreme Court decisions discussed above, it is also barred by res judicata. The principle of "res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." *State v. Houston,* 73 Ohio St.3d 346, 347, 652 N.E.2d 1018

(1995). Whether or not Megan's Law violates the prohibition against ex post facto laws was raised to this court and disposed of on the basis of *Cook* in the 1997 appeal. *Ingledue*, 7th Dist. No. 97CO55, 1999 WL 1279174. That decision was not appealed to the Ohio Supreme Court. Furthermore, the retroactive application of Megan's Law was also argued in the 2012 motion to vacate his sex offender classification. The trial court found no merit with that decision and that decision was not appealed to this court. Failing to appeal the issue to the Ohio Supreme Court and failing to appeal the 2012 trial court decision to this court bars any argument that Megan's Law cannot be applied to Ingledue; that issue could have and should have been raised in an appeal from the decision of the 1997 appeal or an appeal from the trial court's 2012 decision.

**{¶23}** However, retroactivity is not the only argument Ingledue asserts to claim that Megan's Law is unconstitutional. He also asserts that it violates the doctrine of separation-of-powers. This argument, like the above argument regarding retroactivity, is barred by res judicata. It is not barred because it was actually raised to this court in the 1997 appeal or to the trial court in the 2012 motion, but rather because it could have and should have been raised in the 1997 appeal or in the 2012 motion to the Columbiana County Common Pleas Court.

**{¶24}** Regardless, the argument still fails. A separation-of-powers argument was not presented to the Ohio Supreme Court in either *Cook* or *Ferguson*. However, the argument was made in the *Thompson* case and in that case, the Ohio Supreme Court was asked to decide whether former R.C. 2950.09 violates the separation-of-powers doctrine because it encroaches upon the judiciary's fact-finding authority. *State v. Thompson*, 92 Ohio St.3d 584, 585, 752 N.E.2d 276 (2001). Former R.C. 2950.09 is the statute that set forth the factors the trial court was to consider when determining whether an offender was a sexual predator. The Ohio Supreme Court found that the factors listed in R.C. 2950.09 are guidelines and do not control a judge's discretion. *Id.* at 588. Thus, the Court found that R.C. 2950.09 does not encroach upon the trial court in its fact-finding authority, and therefore, it does not violate the separation-of-powers doctrine. *Id.* Consequently, Ingledue's argument regarding the separation-of-powers doctrine fails.

**{¶25}** In conclusion, in regards to Megan's Law, Ingledue's arguments fail.

## Adam Walsh Act

**{¶26}** Ingledue also argued to the trial court and argues in his pro se appellate brief to this court that the Adam Walsh Act, with its new registration and reporting requirements, cannot be applied to him.

**{¶27}** In 2006, Congress enacted the Adam Walsh Act, which created tougher national standards for sex offender registration. *Bodyke,* 2010-Ohio-2424, at ¶ 18–19. Congress encouraged the states to adopt these tougher standards. *Id.* In 2007, the General Assembly enacted Senate Bill 10, which is Ohio's version of the Adam Walsh Act; this new law replaced the Megan's Law. *Id.* at ¶ 20; 2007 Am. Sub. S.B. No. 10.

**{¶28}** Like Ohio's version of Megan's law, Ohio's version of the Adam Walsh Act has been attacked on constitutional grounds. In 2010, the Ohio Supreme Court found that the provisions in the Adam Walsh Act that governs the reclassification of sex offenders already classified by judges under Megan's Law violates the separation-of-powers doctrine because: 1) the reclassification scheme vests the executive branch with authority to review judicial decisions, and 2) it interferes with the judicial power by requiring the reopening of final judgments. *Bodyke* at ¶ 55. Then in 2011, the Ohio Supreme Court found that the Adam Walsh Act is punitive and it was unconstitutional to apply the act retroactively to offenders who committed the sex offense prior to the enactment date of the Adam Walsh Act; "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams,* 2011-Ohio-3374, syllabus.

**{¶29}** Based on those decisions, Ingledue is correct that the Adam Walsh Act cannot retroactively apply to him. The trial court noted this in its November 2013 judgment entry. However, it also noted that the record is devoid of any indication that Ingledue has been reclassified under the Adam Walsh Act. That statement is accurate. A review of the file provides no indication that Ingledue is being ordered to comply with the Adam Walsh Act's classification and notification scheme. Rather, it appears that he is only being subjected to the classification and notification scheme in Megan's Law. Therefore, although his contention that the Adam Walsh Act cannot be

applied to him is correct, there is no indication that it has been applied to him. Any argument to the contrary fails.

{¶30} That said, we note that the Adam Walsh Act superseded Megan's Law. However, that does not mean that Megan's Law still does not apply to Ingledue. The Ohio Supreme Court indicated that Megan's Law still applies to defendants who committed their offenses before the enactment date of the Adam Walsh Act. *Id.* at ¶ 23. As explained above, Megan's Law constitutionally applies retroactively and it was applied to him. Thus, the trial court's decision that denied Ingledue's motion to vacate his sexual predator classification and reporting requirements under Megan's Law is correct. The trial court's November 2013 judgment is therefore affirmed.

<u>Ineffective Assistance of Appellate Counsel</u>

{¶31} In his *pro se* brief, Ingledue also argues that appellate counsel was ineffective for filing a no merit brief. This issue lacks merit for two reasons.

{¶32} First, a claim of ineffective assistance of appellate counsel is the means used to reopen an appeal pursuant to App.R. 26(B). A motion for reopening sets forth that appellate counsel was deficient for failing to raise specific assignments of error or arguments to the appellate court. In that motion, the moving party asks the appellate court to reopen the direct appeal and allow the issue that was not raised to be briefed. Since the filing of a no-merit brief allows appellant the opportunity to file his or her own *pro se* brief and requires the reviewing court to do an independent review of the record, there is no need to argue that appellate counsel was ineffective for filing a no-merit brief. If during our review of the case we would find a potentially meritorious claim, we would appoint counsel to brief that issue.

{¶33} Second, based on our analysis of Megan's Law and the Adam Walsh Act, there is no basis to reverse the trial court's decision; there are no meritorious issues to present on appeal. *Anders* and *Toney* specifically allow for appellate counsel to file a no merit brief. "Counsel's role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders,* 386 U.S. at 744. *See also Toney*, 23 Ohio App.2d 203. Thus, counsel was not ineffective for filing a no merit.

## Conclusion

**{¶34}** In conclusion, the trial court's decision is hereby affirmed. The record is devoid of any indication that Ingledue was reclassified under the Adam Walsh Act. Thus, any argument concerning the Adam Walsh Act lacks merit. As to Megan's Law, the record discloses that he was found to be a sexual predator years after the convictions of the offenses that gave rise to that classification. Ingledue challenged that classification after it occurred by appealing to this court. Based on the Ohio Supreme Court's decision in *Cook,* we held that Megan's Law was not unconstitutionally retroactive and thus could be applied to him even though the crimes giving rise to the classification were committed prior to the enactment date of Megan's Law. The Ohio Supreme Court's decision that Megan's Law is not unconstitutionally retroactive has not been reversed. Furthermore, Ingledue is barred by res judicata from re-raising the issues concerning Megan's Law since those issues were raised or could have been raised in an appeal from his sexual predator classification determination. Therefore, for those reasons, the trial court correctly denied Ingledue's attempt to have his sexual predator classification removed. Appellate counsel's motion to withdraw is hereby granted.


Donofrio, J., concurs.
Waite, J., concurs.