[Cite as *State v. Dodson*, 2014-Ohio-4197.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98521**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JEFFREY DODSON

DEFENDANT-APPELLANT

## JUDGMENT:
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-11-555731
Application for Reopening
Motion No. 476756

**RELEASE DATE:**   September 23, 2014

**FOR APPELLANT**

Jeffrey Dodson, pro se
Inmate No. 623-109
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Jesse W. Canonico
       Brett Hammond
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Jeffrey Dodson has filed an application for reopening pursuant to App.R. 26(B). Dodson is attempting to reopen the appellate judgment, rendered in *State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344, that affirmed the sentence of incarceration in part, imposed in *State v. Dodson*, Cuyahoga C.P. No. CR-11-555731, vacated the sentence in part, and remanded for resentencing. We decline to reopen Dodson's appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Dodson establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B).* * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90- day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. *See also*, *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

*See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v.*

*Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} Herein, Dodson is attempting to reopen the appellate judgment that was journalized on April 4, 2013. The application for reopening was not filed until July 16, 2014, more than 90 days after journalization of the appellate judgment in *State v. Dodson*, *supra*.

{¶4} Dodson argues that because "[he] is pro se and is not an attorney and it can be seen that on that basis the error in not filing the App.R. 26(B) petition in a timely manner is a genuine misunderstanding of the procedural requirements," "good cause" exists for the untimely filing of his application for reopening. This court has long held that lack of legal counsel, when attempting to file an App.R. 26(B) application for reopening, does not establish "good cause" for filing beyond the ninety day limitation. *State v. Hornack*, 8th Dist. Cuyahoga No. 81021, 2005-Ohio-5843. *See also State v. Lamar*, *supra*. Difficulty in conducting legal research or limited access to legal materials does not establish "good cause" for the untimely filing of an application for reopening. *State v. Houston*, 73 Ohio St.3d 346, 1995-Ohio-317, 652 N.E.2d 1018; *State v. Kinder*, 8th Dist. Cuyahoga No. 94722, 2012-Ohio-1339; *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2006-Ohio-3939. Finally, a lack of legal training, effort or imagination, and ignorance of the law do not establish "good cause" for failure to seek timely relief pursuant to App.R. 26(B). *State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526, citing *State v. Winstead*, 74 Ohio St.3d 277, 1996-Ohio-52, 658 N.E.2d 722. Herein, Dodson has failed to establish "a showing of good cause" for the untimely filing of his

application for reopening, premised upon lack of legal counsel, lack of legal training, ignorance of the law, and limited access to legal materials.

{¶5} Accordingly, the application for reopening is denied.

_____

LARRY A. JONES, SR.,   JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR