[Cite as *State v. Fussell*, 2011-Ohio-4815.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95906

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RASHEAN FUSSELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535077

**BEFORE:**   S. Gallagher, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   September 22, 2011

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Sherrie S. Royster
        T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶ 1}   Appellant Rashean Fussell ("Fussell") appeals his conviction for assault on a police officer, obstructing justice, and resisting arrest.   For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

{¶ 2}   On March 8, 2010, Lesta Fussell, Fussell's mother, and her sister, Rosalind Heard, engaged in a heated discussion about a vehicle located in the driveway of Lesta Fussell's home.   Heard owned the vehicle and was attempting to take the license plates from

the car.   Apparently, Lesta Fussell received numerous parking tickets, which directly affected Heard's driving record.   The police were called.

{¶ 3}   Upon arriving, the police officers, Dominique King and Antonio Malone, ascertained that Heard owned the vehicle and allowed her to remove the license plates.   At this point, Lesta Fussell became irate and started throwing plastic and metal objects at the officers, Heard, and Heard's children.   One child was hit on the head with a pipe.   In an attempt to defuse the situation, Officers King and Malone approached the house.   At this point, Fussell came to the porch, having walked from the open rear entrance to the home. While the officers climbed the stairs leading to the front porch, Lesta Fussell dropped a microwave unit that almost hit Officer King.   The officers attempted to enter the house to arrest Lesta Fussell, but before they got to the front door, Fussell opened the door, locked it, and allowed it to close.   The officers arrested Fussell.

{¶ 4}   Officer Malone remembers Fussell mentioning something about having dogs, while Officer King remembers him questioning whether the officers could enter without a search warrant.   Fussell had more than one dog in the house, and he claims his motive for locking the front door was to prevent the dogs from being shot as the officers went through the house.   When the officers asked him to open the door, Fussell stated that he did not have the key.   There was no evidence that Fussell lied about the key; however, the back entrance was

unlocked at all times. Fussell was arrested, cuffed, and held on the porch until other officers arrived.

{¶ 5} Officer Thomas Telegdy, among others, arrived and escorted Fussell to the police cruiser. Along the way, between the front porch and the street, the officers and Fussell fell because of the slippery conditions. Fussell then started actively resisting, according to the officers. In his attempt to stay out of the police cruiser, Fussell kicked his legs. The car door slammed on Officer Telegdy's wrist as Fussell was being placed in the back seat. Officer Telegdy received treatment for the injury.

{¶ 6} In this incident, Fussell was charged with felonious assault on a police officer in violation of R.C. 2903.11(A)(1), obstructing justice by harboring or concealing Lesta Fussell in violation of R.C. 2903.13(C)(1), and resisting arrest in violation of R.C. 2921.33(B). Fussell waived a jury trial. The trial court found Fussell guilty of assault in violation of R.C. 2903.13(C)(3), obstructing justice, and resisting arrest. The trial court found that Officer Telegdy did not suffer serious injury and therefore found Fussell guilty of assault, the lesser included offense of felonious assault. The trial court sentenced Fussell to a one-year aggregate term of incarceration: one year on each of the assault and obstructing justice charges, and six months on the resisting arrest charge, all to be served concurrently.

{¶ 7} Fussell timely appeals his conviction, raising the following three assignments of error:

"I. The trial court erred when it denied appellant's motion for acquittal under Crim.R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the convictions."

"II. Appellant's convictions are against the manifest weight of the evidence."

"III. The trial court erred by sentencing appellant for convictions that are allied offenses of similar import."

{¶ 8} Fussell's first two assignments of error raise the same issues, albeit based on different standards. We will address those two assignments of error together.

{¶ 9} When an appellate court reviews a claim of insufficient evidence, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

{¶ 10} In the alternative, in reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all

reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal citations and quotations omitted.) *Leonard,* 2004-Ohio-6235 at ¶ 81.

{¶ 11} Fussell challenges his conviction for assault on a police officer on the grounds that he did not knowingly cause or attempt to cause harm to Officer Telegdy. He argues that the trial court's specific finding that Fussell did not have any intention of harming the officers negated the knowing element of assault and further there was insufficient evidence to prove beyond a reasonable doubt that Fussell committed an assault.

{¶ 12} R.C. 2903.13 states in pertinent part that: "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." If the victim of the offense is a peace officer performing her official duties, assault is a felony of the fourth degree. R.C. 2903.13(C)(3). Officer Telegdy testified that Fussell kicked his legs as they were placing Fussell in the backseat of the police cruiser. In the course of that altercation, the back door of the cruiser slammed on Telegdy's wrist, which necessitated medical treatment.

{¶ 13} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "'Knowingly' does not require the offender to have the specific intent to cause a certain result. That is the definition of 'purposely.' Instead, whether a person acts

knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Dixon*, Cuyahoga App. No. 82951, 2004-Ohio-2406, ¶ 16, citing *State v. Huff* (2001), 145 Ohio App.3d 555, 763 N.E.2d 695.

{¶ 14} The evidence at trial established Fussell intended to keep the officers from placing him in the back of the vehicle. Fussell does not deny that Telegdy was injured. According to the evidence Telegdy was the only witness to testify as to the cause of his injury. His related testimony in full provides as follows:

> **"If you can imagine this (indicating) being the doorjamb, this (indicating) would be the door. My hand is up here and I'm holding [Fussell] back, because [Fussell's] trying to get out, okay? At some point he starts kicking. I don't know which one of his feet it was, because I'm really focusing on the upper part of his body, but the door slams, pushes me into the car and then I hurt my wrist (indicating)."**

{¶ 15} No other officer testified to knowing what caused Telegdy's injury. The testimony does not establish that Fussell even caused the injury, much less with any level of intent. After viewing the evidence in a light most favorable to the prosecution, the rational trier of fact could not determine beyond a reasonable doubt that Fussell caused the injury to Officer Telegdy's wrist. Telegdy's testimony merely establishes that somehow the door closed and then Telegdy hurt his wrist as he placed Fussell in the back seat of the police cruiser. This is insufficient to prove beyond a reasonable doubt that Fussell knowingly

caused or attempted to cause physical harm to Telegdy. We accordingly must sustain Fussell's first assignment of error in part as it relates to the assault charge.

{¶ 16} Fussell additionally challenges his conviction for obstruction of justice. R.C. 2921.32 provides in pertinent part: "(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime * * * shall * * * (1) [h]arbor or conceal the other person or child * * * [or] (6) [p]revent or obstruct any person, by means of force, intimidation, or deception, from performing any act to aid in the discovery, apprehension, or prosecution of the other person or child." We note that Fussell was charged only with obstruction of justice in violation of R.C. 2921.32(A)(1) by harboring or concealing another person.

{¶ 17} "To 'harbor' is to receive a person clandestinely or without lawful authority for the purpose of sheltering him from the investigative authorities." *Columbus v. Clay* (Nov. 3, 1983), Franklin App. No. 83AP-25. Black's Law Dictionary, Second Pocket Edition, further defines "harboring" as "the act of affording lodging, shelter, or refuge to a person." The definition of "conceal" is "[t]o hide or keep from observation, discovery, or understanding." The American Heritage Dictionary, 2 Ed.1982.

{¶ 18} The state did not elicit any evidence that Fussell harbored or concealed Lesta Fussell. Quite simply, the state charged Fussell under the wrong subsection of the statute. We agree with the trial court that under the technical reading of R.C. 2921.32(A)(6), Fussell

prevented or obstructed the police officers from apprehending Lesta Fussell by locking the front door. Nevertheless, the state charged Fussell with obstructing justice by harboring or concealing Lesta Fussell. The facts adduced at trial did not establish the element of "harboring" or "concealing." The police officers knew where Lesta Fussell was located because of the ongoing nature of the incident and their interaction with Lesta Fussell. Locking the door did not conceal Lesta Fussell's whereabouts. Moreover, the trier-of-fact specifically found Fussell guilty of obstructing justice by preventing the officers from entering the front of the house. (Tr. 476:7-11.) This changed the elements of the obstructing justice charge from harboring or concealing an individual as indicted pursuant to R.C. 2921.32(A)(1), to preventing or obstructing the officers from apprehending the individual pursuant to R.C. 2921.32(A)(6).

{¶ 19} For those reasons, there is insufficient evidence to substantiate Fussell's conviction for obstruction of justice as charged in the indictment, and Fussell's first assignment of error is sustained in part.

{¶ 20} Finally, Fussell challenges his conviction for resisting arrest. R.C. 2921.33(B) states: "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer." Fussell admits that he was resisting the arrest. Because there is insufficient evidence establishing that Fussell caused

Officer Telegdy's injury, we must address Fussell's conviction for resisting arrest in violation of R.C. 2921.33(B) in relation to the lesser-included offense of resisting arrest in violation of R.C. 2921.33(A).

{¶ 21} "An offense may be a lesser-included offense of another if: (i) one offense carries a greater penalty than the other; (ii) some element of the greater offense is not required to prove commission of the lesser offense; and (iii) the greater offense as statutorily defined cannot be committed without the lesser offense, as statutorily defined, also being committed." *State v. Totty*, Montgomery App. No. 23372, 2010-Ohio-1234, citing *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889,¶ 26, clarifying *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294. The only difference between R.C. 2921.33(A) and (B) is that subsection (B) adds an element that in the course of resisting, the law enforcement officer is injured, which increases the offense from a misdemeanor of the second degree, to one of the first. Therefore, resisting arrest in violation of R.C. 2921.33(A) is a lesser-included offense of resisting arrest in violation of R.C. 2921.33(B).

{¶ 22} Further, "[i]t is well established that this court has the authority to reduce a conviction to that of a lesser included offense when it is supported by the record, rather than ordering an acquittal or a new trial." *State v. Reddy*, 192 Ohio App.3d 108, 119, 2010-Ohio-5759, 948 N.E.2d 454, citing *State v. Davis* (1982), 8 Ohio App.3d 205, 207, 456 N.E.2d 1256. We therefore modify Fussell's conviction of resisting arrest to one in violation

of R.C. 2921.33(A) based on our conclusion that there is insufficient evidence establishing the necessary element that Fussell caused Telegdy's injury.

{¶ 23} Turning to Fussell's assignments of error relating to the resisting arrest charge, the only issue he addressed is whether the arrest was lawful. "In determining the lawfulness of an arrest, a court need not find that the elements of the underlying charge have been proven, but there must exist a 'reasonable basis' for the arrest." (Internal citations omitted.) *State v. Thompson* (1996), 116 Ohio App.3d 740, 743, 689 N.E.2d 86. A "reasonable basis" for the arrest exists if a reasonable officer under similar circumstances would have concluded that the defendant committed an arrestable offense. Id. at 744.

{¶ 24} As discussed before, Fussell technically violated R.C. 2921.32 when he locked the front door the police officers were attempting to enter to apprehend Lesta Fussell, despite the evidence that the back entrance remained open. The police officers testified that Fussell did not warn of the dogs until after he was in custody. The police officers reasonably believed at the time of the arrest that Fussell's intent was to hinder the apprehension of Lesta Fussell because Fussell did not make statements indicating the contrary until after being arrested. It therefore follows that the officers had a reasonable basis to arrest Fussell, and his subsequent acts of resisting were directed toward a lawful arrest. Fussell's conviction for resisting arrest was supported by competent, credible evidence proving Fussell's guilt beyond a reasonable doubt and is neither against the sufficiency nor the manifest weight of the evidence. Fussell's first and second assignments of error are sustained in part and overruled in part.

{¶ 25} Fussell's third and final assignment of error, challenging the trial court's failure to merge the sentences on the assault and resisting arrest charges, is moot based on our disposition of his first assignment of error.

{¶ 26} Fussell's convictions for obstructing justice, assault, and resisting arrest in violation of R.C. 2921.33(B) are reversed and his sentences vacated. Fussell's conviction for resisting arrest is modified to a conviction for resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. On remand, the trial court shall amend its sentencing

entry in accordance with the foregoing opinion. Accordingly, the decision of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN PART
AND DISSENTS IN PART WITH SEPARATE OPINION


**COLLEEN CONWAY COONEY, J.,** CONCURRING IN PART, DISSENTING IN PART:

{¶ 27} I concur in all but the majority's reversing Fussell's obstruction of justice charge. I would affirm that conviction because his act of locking the door and telling police they needed a warrant to arrest his mother constituted "harboring or concealing" her. The fact that another rear door remained available for police to apprehend Lesta is of no consequence. The charge

merely requires hindering apprehension, which locking the door accomplished.   Therefore, I would affirm that conviction and sentence.