[Cite as *Lockland v. Plotsker*, 2014-Ohio-2173.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VILLAGE OF LOCKLAND, | : | APPEAL NO. C-130563 |
| | | TRIAL NO. M-13TRD-31376 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| PAUL PLOTSKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  May 23, 2014

*Gerald R. Grubbs*, for Plaintiff-Appellee,

*Paul Plotsker,* pro se.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Paul Plotsker hired an attorney to fight a speeding ticket.  He lost.  He appeals, arguing that his constitutional right to counsel was violated because his attorney was ineffective.  But there is no constitutional right to counsel for a minor misdemeanor speeding violation.  So, we affirm.

{¶2}    The facts of the alleged offense are straightforward.  Officer Anthony Focke clocked Mr. Plotsker driving 70 m.p.h. in a designated 55-m.p.h. zone.  Officer Focke ticketed Mr. Plotsker, who entered a not guilty plea in the Lockland Mayor's Court.  Mr. Plotsker, a licensed attorney, represented himself in the mayor's court, and was found guilty.  He appealed to the Hamilton Municipal Court.  This time, he was represented by counsel.  The trial court found him guilty and fined him accordingly.

{¶3}    In his sole assignment of error, Mr. Plotsker asserts that he was deprived of a fair trial because his counsel provided ineffective assistance.  As Mr. Plotsker tells it, he had asked his trial counsel to question Officer Focke extensively about Lockland's alleged ticketing quota, but his counsel did not.  We question whether examination about ticketing quotas would have been germane to the issue of whether Mr. Plotsker exceeded the speed limit, but we do not reach the issue.  Rather, we overrule Mr. Plotsker's assignment of error because he did not have a constitutional right to effective counsel.

{¶4}    The right to effective counsel is derived from the right to counsel conferred by the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), citing *McMann v. Richardson*, 397 U.S. 759, 771, fn. 14, 90 S.Ct. 1441, 25 L.Ed.2d 73 (1970).  A defendant is "not constitutionally entitled to appointed counsel for a minor misdemeanor case where the sentence

upon conviction cannot and does not result in the imposition of jail time." *State v. Williams*, 2d Dist. Greene No. 2011CA18, 2012-Ohio-725, ¶ 14, citing *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), and *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501 (1989). If a defendant does not have the right to counsel, he does not have the associated right to effective counsel. Thus, in *Wainwright v. Torna*, 455 U.S. 586, 587-588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the United States Supreme Court held that a defendant may not raise ineffective assistance of counsel where he has no constitutional right to counsel. *See State v. Carter*, 93 Ohio St.3d 581, 757 N.E.2d 362 (2001) (where defendant had no constitutional right to counsel to pursue an appeal, he could not be unconstitutionally deprived of the effective assistance of counsel).

{¶5} Mr. Plotsker was cited for speeding, which is a minor misdemeanor punishable by only a fine. Because he was not subject to imprisonment, Mr. Plotsker did not have the benefit of the Sixth Amendment's right to effective counsel. The sole assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

3