KATHLEEN ANN KEOUGH, A.J., CONCURRING IN PART AND DISSENTING IN PART:
 

 {¶ 28} I respectfully concur in part and dissent in part with the majority's decision. I agree with the majority that the obstruction of official business conviction should be reversed outright and the failure to display a driver's license should be affirmed. However, I would reverse Johnson's conviction for resisting arrest in violation of R.C. 2921.33(B), but find him guilty of the lesser included offense of resisting arrest in violation of R.C. 2921.33(A) where the element of harm is not necessary. Additionally, I would affirm Johnson's conviction for carrying a concealed weapon.
 

 {¶ 29} Pertaining to the resisting arrest conviction, the majority concludes that the city failed to offer sufficient evidence that Johnson caused physical harm to the police officer. I agree. However, I would find that sufficient evidence was presented to convict Johnson of the lesser included offense of resisting arrest in violation of R.C. 2921.33(A), which provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 
 See
 

 Middleburg Hts. v. Lasker
 
 ,
 
 2016-Ohio-5522
 
 ,
 
 76 N.E.3d 372
 
 , ¶ 24, citing
 
 Fussell
 
 , 8th Dist. Cuyahoga No. 95906,
 
 2011-Ohio-4815
 
 ,
 
 2011 WL 4389961
 
 , at ¶ 20 (resisting arrest, in violation of R.C. 2921.33(A), is a lesser included offense of resisting arrest in violation of R.C. 2921.33(B) ).
 

 {¶ 30} In this case, the evidence showed that Johnson was moving his arms and making motions that prohibited the officers from placing handcuffs on him and that he would not comply with officers' commands to stop resisting arrest. Accordingly, I would modify his conviction to the second-degree misdemeanor of resisting arrest in violation of R.C. 2921.33(A).
 
 Lasker
 
 at ¶ 29 (appellate court has the authority to reduce a conviction to that of a lesser included offense when it is supported by the record, rather than ordering an acquittal or a new trial).
 

 {¶ 31} Additionally, I would affirm Johnson's conviction for carrying a concealed weapon. First, Johnson was obligated under R.C. 2923.12(B)(1) to immediately inform the officers of his CCW permit and the presence of the firearm in the center console once the officers approached the vehicle even though one of the officers testified that there was "no law" that he was intending to enforce. I would not read the phrase "stopped for a law enforcement purpose" as narrowly as the majority. A law enforcement officer's duties encompass more than just enforce laws-the duties also include nonenforcement responsibilities,
 including safety and welfare checks and consensual encounters. I read "stopped for law enforcement purposes" broadly, that once an individual whether on foot or in a vehicle and who is carrying a concealed weapon, is stopped by a law enforcement officer, that individual has an obligation under R.C. 2923.12 to immediately inform an officer of the firearm and permit.
 
 See
 

 State v. White
 
 , 8th Dist. Cuyahoga No. 92229,
 
 2009-Ohio-5557
 
 ,
 
 2009 WL 3389156
 
 , ¶ 14 (individual seated in parked car required to inform the approaching officer of the presence of the handgun and required permit under R.C. 2923.12(B)(1) ).
 

 {¶ 32} In this case, the officers approached the stranded vehicle in the middle of the street to check on the safety of the occupants of the vehicle and offer assistance. However, once it was discovered that the registered owner was female and the driver was male, the officers then attempted to discern the identification of the driver. The consensual encounter escalated once Johnson refused to provide his identification or identifying information. Notwithstanding the fact that Johnson should have informed the officers immediately, once the encounter escalated and Johnson was being arrested, Johnson was required to inform the officers of his CCW permit and the firearm present inside the vehicle.
 

 {¶ 33} Viewing the evidence in the light most favorable to the prosecution, I would find sufficient evidence to support Johnson's conviction for carrying a concealed weapon in violation of R.C. 2923.12(B)(1).