[Cite as *State v. Hartfield*, 2023-Ohio-1260.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DOUGLAS R. HARTFIELD | : | Case No. 22 CA 00082 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                                            Pleas, Case No. 19-CR-470

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                        April 18, 2023

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

KENNETH W. OSWALT                        WILLIAM T. CRAMER
20 South Second Street                      470 Olde Worthington Road
Fourth Floor                                        Suite 200
Newark, OH  43055                            Westerville, OH 43082

*King, J.*

{¶ 1}   Defendant-Appellant Douglas Hartfield appeals the judgment of the Licking County Court of Common Pleas convicting him of one count of rape and one count of sexual battery and sentencing him to an indeterminate term of incarceration of six to nine years. Plaintiff-Appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   A recitation of the underlying facts is unnecessary to our resolution of this appeal.

{¶ 3}   Hartfield was indicted on two counts of rape and one count of sexual battery. Following a jury trial Hartfield was found guilty of one count of rape and one count of sexual battery. The trial court proceeded directly to sentencing and imposed an indeterminate prison term of six to nine years for rape, and a concurrent term of 36 months for sexual battery.

{¶ 4}   Hartfield timely appealed and argued in part that the rape and sexual battery counts should have merged for sentencing and his indeterminate sentence imposed pursuant to the Reagan Tokes Act, is unconstitutional. *State v. Hartfield*, 5th Dist. Licking No. 2021 CA 0030, 2022-Ohio-2243 ¶¶ 49-55, 57-59.

{¶ 5}   Upon review, we concluded rape and sexual battery under the facts of this case were allied offenses which should have been merged. We further found that the trial court committed plain error in failing to merge the offenses for sentencing and remanded the matter for resentencing. *Id*. ¶ 55. Hartfield also challenged the constitutionality of the

Reagan Tokes Act on the same grounds he raises in this appeal. We denied Hartfield's Reagan Tokes challenge, *Id.* ¶¶ 57-59.[1]

{¶ 6} On remand, the state elected to proceed to sentencing on Hartfield's rape conviction and the trial court imposed the same indeterminate sentence of six to nine years.

{¶ 7} Hartfield filed an appeal, and the matter is now before this court for review. He raises one assignment of error as follows:

I

{¶ 8} "INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS."

{¶ 9} In his sole assignment of error, Hartfield again challenges the constitutionality of the Reagan Tokes Act. Hartfield advances the same arguments here as he did in his first appeal: the act violates his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to appellant's sentence based upon his behavior in the institution.

{¶ 10} As discussed above, we have previously addressed Hartfield's Reagan Tokes Challenge. "Res judicata may be applied to bar further litigation of issues that were

---

[1] We note the state's brief asserts we found Hartfield's Reagan Tokes Act challenge moot because we remanded the matter for resentencing. State's brief at 1. That is inaccurate. We found Hartfield's ineffective assistance of counsel claims as they related to sentencing were moot because we remanded the matter for resentencing.

raised previously or could have been raised previously in an appeal." *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995). Hartfield's issue has been "raised previously" in an appeal, and we fully addressed and decided that issue. It is now res judicata. Accordingly, we reject Hartfield's sole assignment of error.

{¶ 11} The Judgment of the Licking County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Delaney, J. concur.

AJK/rw

[Cite as *State v. Hartfield*, 2023-Ohio-1260.]